United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPPI-SOMERSVILLE, INC., *et al.*, | No. C 04-02648 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR JOINDER OF NECESSARY PARTY** |
| v. | |
| TRC COMPANIES, INC., *et al.*, | |
| Defendants. | |

On June 9, 2006, the Court heard oral argument on defendants' motion for joinder of a necessary party. After careful consideration of the parties' papers and the arguments of counsel, the Court hereby GRANTS the motion.

**BACKGROUND**

Plaintiffs SPPI-Somersville, Inc. and Somersville-Gentry, Inc. own undeveloped property (the "SPPI Property") adjacent to the Contra Costa Sanitary Landfill (the "CCSL Landfill") and the Old Antioch Landfill ("Antioch Landfill") near Antioch, California. Complaint ¶ 58. This property, which is in an unincorporated part of Contra Costa County located adjacent to and north of the CCSL Landfill, had been used as a field prior to SPPI's purchase. *Id.* at ¶ 59. SPPI also acquired 4 acres of property owned by Tom Gentry California Company ("Gentry") northeast of the Antioch Landfill, and is the assignee of rights previously held by Gentry. *Id.* At ¶ 1; Padgett Decl., Ex. A at ¶ 3.

Plaintiffs allege that from the 1950s to 1992, various defendants dumped various waste materials at the CCSL Landfill, causing groundwater contamination near the SPPI Property. Complaint ¶ 1. Plaintiffs also allege that solid waste originating from the CCSL Landfill has been deposited on the SPPI

Property. *Id.*

In January 2001, ownership of the CCSL Landfill was transferred to defendant GBF Holdings, LLC, a subsidiary of defendant TRC Companies, Inc., in connection with the settlement of *Members of the GBF/Pittsburg Landfill Respondents Group v. Contra Costa Waste Services*, C 96-3147 SI. Padgett Decl. ¶ 2. According to defendants, neither GBF Holdings nor TRC owned or operated the CCSL Landfill prior to 2001, and neither of these parties disposed of any wastes at the CCSL Landfill at any time. *Id.* Defendants state that TRC specializes in the cleanup of environmentally impacted properties and provides a service called "Exit Strategy" which constitutes an insurance-backed risk transfer. *Id.* at ¶ 3. According to defendants, as part of the risk transfer, all of the CCSL Landfill-related liabilities of the parties who (1) owned, (2) operated and/or (3) transported or disposed waste (generators) at the CCSL Landfill, were transferred to TRC pursuant to indemnity agreements in exchange for cash. *Id.* GBF Holdings alone cleans up the CCSL Landfill and interacts with the regulatory agencies. *Id.*

Defendants TRC and GBF Holdings contend that all of the solid waste debris on the SPPI Property emanated from the Antioch Landfill. The City of Antioch is not a party to this action. Defendants have submitted evidence showing that City of Antioch operated the Antioch Landfill from 1928 until it was closed in 1968. Padgett Decl., Ex. A (January 7, 2003 Cleanup and Abatement Order for City of Antioch for Landfill Sites, Including Old Antioch Landfill).[1] During its operation, the Antioch Landfill accepted municipal solid waste and for part of this time operated as a "burn dump." *Id.*

On January 7, 2003, the California Regional Water Quality Control Board issued a Cleanup and Abatement Order for City of Antioch, Tom Gentry California Corporation & GBF Holdings LLC, Landfill Sites on Markley Creek, Contra Costa County.[2]  *Id.* According to that order, the Antioch

---

[1] The Court GRANTS defendants' request for judicial notice of the documents attached to the Padgett Declaration, both of which are from the public files of the California Regional Water Quality Control Board. (Docket No. 34).

[2] The complaint does not allege any claims with respect to this Order. At the June 9, 2006 hearing, however, defense counsel stated – and plaintiffs' counsel did not deny – that plaintiffs have indicated that they may seek to amend the complaint to allege claims regarding the allocation of

2

1 Landfill is located on both sides of Markley Creek. *Id.* at ¶ 3. The Antioch Landfill shares a boundary
2 with both the Gentry Property (which is part of SPPI's Property) and the CCSL Landfill, and as of
3 January 2003, all three properties contained solid municipal waste. *Id.* at ¶¶ 1, 3, & 6. The order states
4 that as a result of slope failures and erosion along the banks of Markley Creek, solid waste was
5 discharged into the creek. *Id.* at ¶¶ 7-11.

6 The California Regional Water Quality Board took a number of steps in response, including,
7 *inter alia*, sending a joint letter in February 2002 to the City of Antioch and Gentry informing them of
8 the slope failure and requesting a work plan to characterize site conditions, an engineered feasibility
9 study for corrective actions, a time schedule to complete corrective actions, and erosion protection
10 measures. *Id.* at ¶ 13.

11 On August 9, 2002, the City of Antioch submitted a report titled "Site Characterization Report,
12 Old Antioch Landfill." *Id.* at ¶ 15. That report stated, *inter alia*, that in places the south bank of
13 Markley Creek is composed entirely of solid waste (over 30 feet) with a thin cover of soil, and in the
14 north bank there were at least 20 feet of waste covered with 1 to 3 feet of clayey soil. *Id.* On September
15 18, 2002, Gentry submitted a report demonstrating that "1 to 5 feet of waste has been deposited over
16 the entire area of the Gentry Property; waste is thicker nearest the Old Antioch Landfill and thins to the
17 east . . . ." *Id.* at ¶ 16.

### DISCUSSION

20 Defendants move to join the City of Antioch as a necessary party under Federal Rule of Civil
21 Procedure 19(a). That rule provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the persons's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. Proc. 19(a). The determination of whether a non-party should be joined pursuant to Rule

---

28 damages under the Water Board order.

3

19(a) rests within the discretion of the Court based on a consideration of the facts of the case and the policies underlying the rule. *See Bakia v. County of Los Angeles*, 687 F.2d 299, 301 (9th Cir. 1982). The Ninth Circuit has instructed courts to consider the following when deciding whether a non-party should be joined,

> Underlying policies include plaintiff"s right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party. The determination is heavily influenced by the facts and circumstances of each case. It is a misapplication of Rule 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely.

*Id.*

Here, defendants contend that the City of Antioch is a necessary party because the solid waste deposited on the SPPI Property could only have emanated from either the Antioch Landfill or the CCSL Landfill, or both. (Defendants maintain that all of the solid waste came from the Antioch Landfill.) Defendants argue that joinder is appropriate under both prongs of Rule 19(a) because without the City in this case, "complete relief cannot be afforded," and defendants would be at "substantial risk of incurring double, multiple, or otherwise inconsistent obligations."

The Court concludes that joinder under Rule 19(a) is appropriate. There is no dispute that joinder of the City is feasible. The Court finds that if the City is not made a party to this action, there is a high likelihood of a second round of litigation involving the City and plaintiffs, and that defendants could be brought into that action. Such duplicative litigation would be a waste of resources, and it would create a potential for inconsistent outcomes. Moreover, this is not a case in which joinder would impose a burden on the plaintiff, such as situations where there are numerous non-parties who are potentially responsible for the claims alleged in the complaint. To the contrary, based upon the record before the Court, it appears that aside from plaintiffs (or their predecessors-in-interest), there are only two potential sources of the solid waste on the SPPI Property: the CCSL Landfill or the Antioch Landfill.

Plaintiffs do not dispute that the Antioch Landfill may be a source of the solid waste on the SPPI Property. Instead, plaintiffs contend that the City is not a necessary party because defendants and the City would be jointly and severally liable for the solid waste disposal, and that if defendants want the

4

City in this case, defendants should implead the City under Rule 14. However, while it may generally be true that joint tortfeasors are not considered necessary parties, here there is a serious question as to whether any liability would be joint and several, under either CERCLA or state tort law.[3] *See* Restatement (Second) of Torts § 881 & Illus. 1 (2006).[4] Defendants assert that it is highly likely that the composition and location of the solid waste will permit the identification of its proportionate sources. At this time, the Court need not resolve the question of whether any liability here would be divisible or joint; for purposes of the instant motion, it is sufficient to note that this is a fairly disputed question.

In sum, the Court concludes that the joinder of the City is in the interests of fairness, avoiding multiple litigation, and in providing the parties with complete and effective relief in a single action. *See Bakia*, 687 F.2d at 301.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendants' motion for joinder of a necessary party, (Docket Nos. 53, 54), and GRANTS defendants' request for judicial notice. (Docket No. 34). **Plaintiffs shall join the City of Antioch on or before June 30, 2006**.

**IT IS SO ORDERED.**

---

[3] Defendants' reply states that they do not believe that the CERCLA claims alleged in the complaint encompass the solid waste allegations. Plaintiffs did not address this issue in the papers or at oral argument.

[4] Section 881 of the Restatement (Second) of Torts provides:

> If two or more persons, acting independently, tortiously cause distinct harms or a single harm for which there is a reasonable basis for division according to the contribution of each, each is subject to liability only for the portion of the total harm that he has himself caused.

Illustration 1 states:

> Each of the owners of three mines permits an unreasonable amount of debris from his mine to get into the stream that flows past the plaintiff's land. The debris from all three accumulates in large heaps upon the land and prevents its profitable use. Each of the mine operators is subject to liability to the plaintiff for the proportion and only for the proportion of the harm that his proportion of the debris bears to the total amount of debris.

5

Dated: June 9, 2006

SUSAN ILLSTON
United States District Judge

6