IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPPI-SOMERSVILLE, INC., *et al.*, | No. C 04-02648 SI |
| Plaintiffs, | **ORDER RE: TESTING ON SUBJECT PROPERTY** |
| v. | |
| TRC COMPANIES, INC., *et al.*, | |
| Defendants. | |

    This order addresses the parties' dispute regarding plaintiffs' intention to conduct testing on the property that is the subject of this lawsuit.[1] Based upon the Court's review of the parties' numerous letter briefs, it appears that the parties are in agreement on the following: (1) plaintiffs have agreed to provide defendants with two weeks notice of the investigation; (2) defendants may have representatives on site at the time of the investigation; and (3) defendants may take samples. The parties dispute (1) whether, and to what extent, they should be required to engage in a further meet and confer prior to the investigation; and (2) whether plaintiffs should be required to provide additional information, such as a work plan, regarding the investigation. The parties also appear to disagree on the feasibility or desirability of a joint investigation, and whether defendants will take separate samples or the parties will take split samples.

    The Court finds that an additional exchange of information, and further meet and confer, is necessary to allow the parties to finalize details surrounding the investigation. The Court agrees with

---

[1] The parties' letter briefs are found at Docket Nos. 87, 89, 91, 93 and 94.

plaintiffs, however, that the schedule proposed by defendants is too leisurely, particularly since the parties are largely in agreement about the major issues. In its reply letter brief, CCWS proposes that plaintiffs submit to defendants a "specific description of the scope of the investigation" as well as "any specific steps which plaintiffs propose for the preservation of evidence." The Court finds that CCWS's proposal is reasonable, as it accommodates plaintiffs' concern about protecting information from the work plan that is potentially protected by the attorney work product doctrine, and also should provide defendants with information sufficient to meaningfully assess the scope of the testing.

Accordingly, the Court ORDERS as follows:

1. Within five days from the filing date of this order, plaintiffs shall submit to defendants a specific description of the scope of the investigation, as well as any steps that plaintiffs propose for the preservation of evidence. Plaintiffs' description shall also detail where the trenches and pits will be located, as well as the expected length, width and depth of these excavations. If defendants are dissatisfied with the specificity of plaintiffs' description of the location of the investigation, defendants shall provide plaintiffs and their consultant with access to the property prior to the investigation to allow the consultant to specifically select the site to be investigated;

2. Within five days of receipt of the information listed above, the parties shall meet and confer in order to resolve all issues related to the proposed investigation, including:
   a. granting plaintiffs access to the property
   b. defendants' ability to observe the work being carried out by plaintiffs
   c. the ability of defendants to take samples and/or split samples, and
   d. feasibility of conducting a joint investigation; and

3. If, after completing the meet and confer process, the parties are unable to resolve all issues relating to plaintiffs' investigation, the parties shall submit a single joint letter brief of no longer than 3 pages setting forth the disputed issues and the parties'

2

positions.[2]

**IT IS SO ORDERED.**

Dated: June15, 2007

_____
SUSAN ILLSTON
United States District Judge

---

[2] The Court declines to adopt CCWS's proposed language authorizing any party to "record through any reasonable means" the meet and confer. If any party wishes to "record" the meet and confer, either by a tape recorder or with a court reporter, the parties are directed to discuss the matter and attempt to reach agreement on the issue.