IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPPI-SOMERSVILLE, INC., *et al.*, | No. C 04-2648 SI |
| Plaintiffs, | **ORDER GRANTING UNOPPOSED MOTION FOR JOINDER OF NECESSARY PARTY AND UNOPPOSED MOTION FOR LEAVE TO AMEND CROSS-CLAIM** |
| v. | |
| TRC COMPANIES, INC., *et al.*, | |
| Defendants. | |

Defendant City of Antioch has filed a motion for leave to amend its First Amended Cross Claim and a motion for joinder of the City of Pittsburg as a necessary party. (Docket Nos. 108 & 110). Both motions are scheduled for a hearing on December 21, 2007. Plaintiffs have filed statements of non-opposition to both motions, and no party has opposed the motions. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are appropriate for resolution without oral argument, and VACATES the hearing.

Defendant City of Antioch wishes to amend its cross claim to delete its second cause of action for equitable indemnity/contribution. The Court GRANTS defendant's motion, and directs the City to file an amended cross claim no later than **December 28, 2007.**

Defendant also moves to join the City of Pittsburg as a necessary party under Federal Rule of Civil Procedure 19(a). That rule provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the persons's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double,

multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. Proc. 19(a). The determination of whether a non-party should be joined pursuant to Rule 19(a) rests within the discretion of the Court based on a consideration of the facts of the case and the policies underlying the rule. *See Bakia v. County of Los Angeles*, 687 F.2d 299, 301 (9th Cir. 1982). The Ninth Circuit has instructed courts to consider the following when deciding whether a non-party should be joined,

> Underlying policies include plaintiff"s right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party. The determination is heavily influenced by the facts and circumstances of each case. It is a misapplication of Rule 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely.

*Id.*

The Court concludes that joinder under Rule 19(a) is appropriate, and GRANTS the motion. The Court notes that the City of Antioch was joined as necessary party upon an earlier motion filed by other defendants in this case. Plaintiffs, who do not oppose the motion, have alleged that the solid waste deposited on the SPPI Property could only have emanated from a landfill, part of which was formerly operated by the City of Pittsburg. The Court finds that joinder is in the interests of fairness, avoiding multiple litigation, and in providing the parties with complete and effective relief in a single action. *See id*. **Plaintiffs shall join the City of Pittsburg on or before January 4, 2008.**

**IT IS SO ORDERED.**

Dated: December 17, 2007

SUSAN ILLSTON
United States District Judge

2