IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPPI-SOMERSVILLE, INC., *et al.*, | No. C 04-2648 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY MOTIONS** |
| v. | |
| TRC COMPANIES, INC., *et al.*, | |
| Defendants. | |

The parties have filed several motions related to the Rule 30(b)(6) deposition of Albert D. Seeno, Jr.[1] Mr. Seeno is the president of the two plaintiff corporations, SPPI-Somersville, Inc. and Somersville Gentry, Inc. Plaintiffs designated Mr. Seeno as a Rule 30(b)(6) witness on fifteen topics, and he was deposed on February 17, 2009 and March 11, 2009.

At the first deposition, Mr. Seeno testified that he had not reviewed any documents or talked to any person with greater knowledge than himself when preparing for his deposition. However, Mr. Seeno was able to answer most of the questions asked of him. Upon learning that Mr. Seeno had not reviewed any documents in order to prepare for the deposition, defense counsel suspended the deposition. Mr. Seeno's deposition was resumed approximately one month later. Defense counsel again questioned Mr. Seeno about how he had prepared for the deposition, and Mr. Seeno responded that he had reviewed documents about two inches thick. Defense counsel then questioned Mr. Seeno about plaintiffs' out of pocket damages for removal of refuse at the property. Although damages was one of the fifteen deposition topics, and despite the fact that Mr. Seeno had been questioned about removal

---

[1] The parties' letter briefs are found at Docket Nos. 238, 241, 242, 245, 246, 248, and 255.

costs at the first deposition, Mr. Seeno did not have information about the amount, if any, that plaintiffs had expended for the removal of garbage from the property. At that point, defense counsel suggested a break, and Mr. Seeno walked out, declaring that he had no intention of proceeding with the deposition absent a court order.

Defendants Contra Costa Waste Service, Inc. ("CCWS") and TRC Companies, Inc. and GBF Holdings LLC (collectively "TRC") move to compel a further deposition of Mr. Seeno and to recover fees and costs incurred as a result of the February 17, 2009 and March 11, 2009 depositions. In response, plaintiffs contend that because Mr. Seeno is the principal of the plaintiff companies, and was personally involved in the transactions at issue in this case, his knowledge is equivalent to the knowledge of the corporation, and thus he was not required to prepare for the depositions any differently than he did. Plaintiffs also assert that defense counsel was unprofessional and condescending toward Mr. Seeno, and they move for a protective order directing defense counsel to be "professional, non-abusive, and non-harassing" at any future deposition. Plaintiffs also state that they have offered to produce a second Rule 30(b)(6) witness to provide additional details that Mr. Seeno did not recall, and that a number of the deposition topics are covered by defendants' interrogatories.

The Court has reviewed the transcripts of the February 17, 2009 and March 11, 2009 depositions, and finds that while Mr. Seeno was generally knowledgeable about the areas questioned, he was unable to answer questions about damages (removal costs) that a Rule 30(b)(6) witness should have been prepared to answer.[2] "The persons designated [pursuant to Rule 30(b)(6)] must testify about information known or reasonably available to the organization." Fed. R. Civ. Proc. 30(b)(6). Although Mr. Seeno may be very knowledgeable about the noticed deposition topics by virtue of his position in the plaintiff corporations, that does not absolve plaintiffs of the duty to prepare Mr. Seeno – or another Rule 30(b)(6) designee – to testify about information reasonably *available* to the organization. Thus, plaintiffs' Rule 30(b)(6) designee should be prepared – through document review or otherwise – to answer questions about damages and other removal costs.

---

[2] Because both depositions were terminated early, defense counsel did not question Mr. Seeno about all fifteen deposition topics, and thus there is no record of whether Mr. Seeno was sufficiently prepared to answer questions on the other topics.

2

The Court GRANTS defendants' motion to compel as follows. Plaintiffs shall either produce Mr. Seeno or another Rule 30(b)(6) designee for deposition, and shall prepare that individual to be able to testify about the deposition topics. If, after the deposition, defendants contend that the deponent was unable to answer questions, defendants may seek leave of Court to propound additional interrogatories. The Court DENIES defendants' request for fees and costs associated with the February 17, 2009 deposition, as Mr. Seeno was generally able to answer the questions asked. However, the Court GRANTS IN PART defendants' request for fees and costs associated with the March 11, 2009 deposition. Defense counsel may recover their fees for attending the deposition (as opposed to preparation), as well as court reporter fees for that deposition. Finally, with regard to plaintiffs' motion for a protective order, the Court finds that defense counsel did not harass or abuse the witness. The Court directs all counsel and parties to cooperate with each other and comport themselves professionally.

**IT IS SO ORDERED.**

Dated: April 15, 2009

SUSAN ILLSTON
United States District Judge

3