IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPPI-SOMERSVILLE, INC. AND SOMMERSVILLE-GENTRY, INC., <br><br>         Plaintiffs, <br>   v. <br><br>TRC COMPANIES, INC., *et al.*, <br><br>         Defendants.      / | No. C 04-2648 SI <br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY** |

By letter brief, defendants TRC Companies and GBF Holdings, LLC ("defendants") move to compel further testimony by Albert Seeno III and the production of the September 2, 2008 letter from Albert Seeno, Jr., plaintiffs' principal, to Jim Jakel, the City Manager for Antioch. The letter, which plaintiffs inadvertently produced in discovery, relates to the remediation of Markley Creek and the Highlands Ranch Phase II development, which includes the property that is at issue in this case. Plaintiffs oppose the motion.[1]

Plaintiffs contend that both the deposition testimony and the letter are privileged and protected settlement communications. Plaintiffs contend that settlement communications should be protected from discovery due to the public policy encouraging the confidentiality of such negotiations. To support this contention, plaintiffs cite *Goodyear Tire & Rubber v. Chiles Power Supply*, *Inc.*, 332 F.3d 976 (6th Cir. 2003), which held that settlement communications were privileged and protected. *See id* at 978. Neither party has cited any Ninth Circuit authority on this point, and district courts within the Ninth Circuit have disagreed on whether settlement communications are discoverable.

Plaintiffs also contend that the Court should deny defendants' motion in order to harmonize Fed.

---

[1] The parties' letter briefs are found at Docket Nos. 267 and 273.

R. Evid. 408 and Fed. R. Civ. P. 26. However, the present question is not whether the evidence will ultimately be admissible in litigation but whether it is discoverable at this time. *See Abbott Diabetes Care, Inc. v. Roche Diagnostics Corp.*, 2007 WL 4166030, at *3 (N.D.Cal. Nov. 19, 2007) ("The question before the Court today is the discoverability, not the admissibility, of the settlement agreement."). Furthermore, Fed. R. Evid. 408 does not require any particular restriction on Fed. R. Civ. P. 26 because the rules of evidence do not necessarily affect the rules of discovery. *See Phoenix Solutions, Inc.*, 254 F.R.D. 568, 584 (N.D. Cal. 2008) (holding that Rule 408 does not warrant protecting settlement negotiations from discovery.) At this time, therefore, the Court need only apply the standard for discovery, which is more flexible and broader than the standard under Rule 408. *See Epstiein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (Fed. R. Civ. P. 26 creates broad right of discovery.)

Here, defendants have made an adequate showing that the questions asked in deposition and the corresponding letter are reasonably calculated to lead to the discovery of admissible evidence: ". . . [t]he potential acquisition of GBF's property through condemnation, a highly questionable transaction into which TRC and GBF should be allowed to inquire since it involves their property interests." Defendants' Motion to Compel, pg. 2. Defendants' motion only requests that the letter and testimony be discovered, and the Court expresses no view on the ultimate admissibility of the document and any related testimony.[2]

Accordingly, the Court compels plaintiffs to produce the September 2, 2008 letter from Albert Seeno, Jr. to Jim Jakel. The Court also compels Albert Seeno III to respond to questions at deposition as they relate to the remediation of Markley Creek, the development of the subject property, and the potential tie to condemnation of defendant GBF's land. The parties shall meet and confer regarding the scheduling of Mr. Seeno's deposition.

**IT IS SO ORDERED.**

Dated: July 2, 2009

SUSAN ILLSTON
United States District Judge

---

[2] The Court notes that while the letter does appear to be a informal settlement communication, the letter was not between counsel and does not contain any statement or reference that it was a confidential settlement communication.

2