**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPPI-SOMERSVILLE, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TRC COMPANIES, INC., *et al.*, <br><br> Defendants. <br> _____/ <br> AND RELATED CROSS- AND COUNTER-CLAIMS <br> _____/ | No. C 04-2648 SI <br> Consolidated with 07-5824 SI <br><br> **FINAL PRETRIAL SCHEDULING ORDER** |

On September 22, 2009, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning October 5, 2009. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 9 members. Each side shall have up to five peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 45 minutes total to question the panel. If the parties jointly propose a short jury questionnaire, it must be presented to the Court no later than September 30, 2009. It will be the responsibility of counsel to prepare copies of the blank questionnaire and to make copies of any completed questionnaires.

3. **Jury instructions**: Counsel have submitted joint proposed jury instructions. Their final

submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before October 1, 2009.

4. **Trial exhibits**: No later than October 1, 2009, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with two sets (for the court and the file) and each side shall provide one set for the other side. Separate witness binders, containing the exhibits to be used with that witness, shall be provided to each witness when called.

5. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. Monday, October 12, 2009 is a federal holiday; court will not be in session that day.

6. **Timing of trial**: The parties and the Court estimated that the trial should take approximately four trial weeks to try. Based on this estimate, each side shall have 45 minutes for opening statements; each side shall have 30 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument.

7. **Motions in limine**: The parties filed motions in limine, as follows:

**Plaintiffs' No. 1: Re: damages for continuing nuisance and continuing trespass claims**: Plaintiffs seek reconsideration of the Court's prior ruling that California law does not permit post-filing damages for continuing nuisance/trespass cases. DENIED, although the Court notes that while continuing nuisance damages are available for three years prior to filing, continuing trespass damages are available for five years prior to filing.

**Plaintiffs' No. 2: To preclude certain testimony of George O. Linkletter**: Plaintiffs

2

seek to exclude testimony of Linkletter concerning human health risks associated with vapor intrusion of VOCs and other sources of chlorinated solvents at the properties. DENIED, without prejudice to specific objections to specific questions at time of trial.

**Plaintiffs' No. 3: To exclude evidence of other lawsuits, claims, fines or settlements:** This unopposed motion is GRANTED.

**Plaintiffs' No. 4: To exclude evidence of settlement communications:** This unopposed motion is GRANTED.

**Plaintiffs' No. 5: To exclude evidence of Treadwell & Rollo's 1999 investigation and certain related reports**: Plaintiffs seek to exclude evidence concerning these reports, prepared in large part by Timothy Becker. Defendants do not intend to call Mr. Becker as a witness, but may seek to cross-examine plaintiff's experts concerning these reports if/to the extent that the reports were relied upon by those experts. Plaintiff's motion is DENIED to the extent they seek to preclude such cross-examination. Otherwise, the motion is GRANTED.

**Plaintiffs' No. 6: To preclude evidence of possible contributions by plaintiffs to groundwater plume:**: DENIED, without prejudice to specific objections to specific questions at time of trial.

**Plaintiffs' No. 7: To preclude Antioch from offering evidence of costs or damages:** WITHDRAWN.

**TRC No. 1: To exclude testimony by plaintiffs' expert appraiser:** DENIED concerning *Daubert*/FRE 702 objections to methodology and content; but testimony will have to comport with Court's prior rulings concerning non-recoverability of continuing nuisance damages post-filing.

**TRC No. 2: To exclude evidence concerning generator defendants' conduct:** DENIED. Evidence re: the nature of contaminants is relevant to nature/scope of nuisance and trespass claims.

**TRC No. 3: To exclude evidence of payment for agreement to remediate and indemnify, and evidence of liability insurance:** DENIED as to agreement to remediate and indemnify; GRANTED as to insurance policies themselves. The remediation/indemnification agreement need not

3

be redacted except as to CGL policies (which are irrelevant for these purposes).

**TRC No. 4: To exclude testimony of Nicole Sweetland:** DENIED, without prejudice to specific objections at trial should evidence become cumulative.

**TRC No. 5: To exclude evidence re: source of solid waste in Markley Creek, or adverse inference against Antioch:** DENIED, but counsel may explore with witnesses whether/when the waste materials was available for inspection.

**TRC No. 6: To exclude evidence of damages more than 3 years prior to filing:** GRANTED re: continuing nuisance; DENIED as to continuing trespass, which allows for 5 years prior; see California Civil Code Section 3334.

**TRC No. 7: To exclude evidence re 2001 Markley Creek slope failure:** DENIED.

**TRC No. 8: To exclude evidence re plaintiffs' CERCLA response costs:** DENIED, provided that Messrs. McGaw and Kortum are made available for deposition prior to trial.

**TRC No. 9: To exclude evidence of alleged statutory violations:** GRANTED re: Health & Safety Code Section 5411; DENIED as to the balance.

**Garaventa No. 1: To exclude testimony re standard of care:** DENIED; testimony concerning reasonableness of defendants' conduct will be allowed.[1]

**Garaventa No. 2: To exclude testimony of Lynn Spence:** DENIED. Defendants' objections, although framed under *Daubert* and FRE 702, go to the weight, not the admissibility of the testimony.

**Garaventa No. 3: To prohibit any testimony that the Garaventa defendants placed any solid waste on the 20 acres north of Markley Creek:** DENIED. Evidence that waste was found in the Markley Creek bed is not inadmissible.

**Garaventa No. 4: To exclude physical evidence and related testimony by Hurd, Isham and Miller:** DENIED; arguments go to the weight, not admissibility, of challenged materials.

**Garaventa No. 5: To exclude testimony re violations of law:** The Garaventa

---

[1] The Garaventa defendants cited *O'Connor v. Boeing North American, Inc.*, 2005 WL 6035243, at *15 (C.D.Cal., Sept. 12, 2005), in support of this motion. Plaintiffs are correct that the cited opinion does not discuss the issues it is cited for. It appears that defendants meant to cite an earlier order from the same case, at 2005 WL 6035255 (C.D. Cal., Aug. 18, 2005).

4

defendants seek an order prohibiting plaintiffs' experts from testifying that the Garaventa defendants "violated any federal, state or local statute, rule or regulation." To the extent that defendants were previously found to have violated statutes, rules or regulations, evidence of those findings is not inadmissible on FRE 702 grounds, as defendants assert. To the extent that historical actions by defendants are relevant, testimony concerning them may be presented together with identification of any relevant statutes, rules or regulations. The motion is DENIED without prejudice to specific objections at time of trial.

**Garaventa No. 6: To exclude evidence "relating to prior determinations of status liability under strict liability statutes":** DENIED. This motion concerns prior findings that the Garaventa defendants were "responsible parties" or "potentially responsible parties" under any legislative scheme, e.g., CERCLA. To the extent that such findings are relevant, they are not inadmissible as unfairly prejudicial under FRE 403. If requested, the Court will give appropriate limiting instructions at trial.

**Garaventa No. 7: To exclude evidence of fires at landfills:** DENIED, without prejudice to specific objections at time of trial.

**Garaventa No. 8: To exclude evidence of contamination at the West Coast Home Builders, Inc. property:** DENIED, without prejudice to specific objections at time of trial. If requested the Court will give appropriate limiting instructions at trial.

**Garaventa No. 9: To instruct jury re Antioch and Chevron damage claims:** DENIED as moot, since Antioch and Chevron have settled.

**Garaventa No. 10: To dismiss claims against Garaventa Family Trust:** DENIED, without prejudice to renewal at the conclusion of the evidence.

**Antioch Nos. 1, 2,3,4,7-26:** WITHDRAWN.

**Antioch No. 5: To exclude or limit Isham testimony:** DENIED, conditioned on Isham providing further deposition testimony prior to trial.

**Antioch No. 6: To exclude testimony by Wheeler:** DENIED, without prejudice to specific objections at time of trial.

**8. Other issues:** At the Pretrial Conference, the parties discussed the measure of damages for plaintiffs' various claims, including the continuing trespass claim. Defendants argue, with some persuasive force, that plaintiffs have not previously asserted a right to future cleanup and restoration costs as a remedy for continuing trespass under California Civil Code Section 3334. At the very least, these claims under this statute were not part of any prior discussions or argument presented to the Court. Plaintiffs assert their claim to such relief "has been stated and restated on multiple occasions." In any event, **the parties will be entitled to present at trial such evidence and testimony – and only such evidence and testimony – as has been properly disclosed during discovery and other proceedings prior to trial**. Evidence, particularly by experts, beyond their reports and depositions will be strictly subject to the provisions of the rules of procedure and evidence.

**IT IS SO ORDERED.**

Dated: September 28, 2009

SUSAN ILLSTON
United States District Judge